**SO ORDERED: July 29, 2013.**



_____
**James M. Carr
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MELEEKA CLARY-GHOSH, ) | Case No. 11-12876-JMC-7 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| MICHAEL GHOSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 12-50022 |
| ) | |
| MELEEKA CLARY-GHOSH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| ) | |
| COOTS, HENKE, & WHEELER, P.C., ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MELEEKA CLARY-GHOSH, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Plaintiff's Motion For Partial Summary Judgment filed by Michael Ghosh ("Plaintiff") on June 7, 2013 (Docket No. 60) (the "Motion"), the Memorandum In Support Of Plaintiff's Motion For Partial Summary Judgment filed by Plaintiff on June 7, 2013 (Docket No. 62) ("Plaintiff's Brief"), the Designation Of Materials And Matters In Support Of Plaintiff's Motion For Partial Summary Judgment filed by Plaintiff on June 7, 2013 (Docket No. 63) ("Plaintiff's Designation"), Defendant's Response In Opposition To Plaintiff's Motion For Partial Summary Judgment filed by Meleeka Clary-Ghosh ("Defendant") on July 6, 2013 (Docket No. 73) (the "Response"), Defendant's Designation Of Evidence In Support Of Her Response In Opposition To Plaintiff's Motion For Summary Judgment filed by Defendant on July 6, 2013 (Docket No. 74) ("Defendant's Designation"), and Plaintiff's Response To Defendant's Opposition To Partial Summary Judgment filed by Plaintiff on July 19, 2013 (Docket No. 76) (the "Reply").  The Court, having reviewed the Motion, Plaintiff's Brief, Plaintiff's Designation, the Response, Defendant's Designation, the Reply and the record in this adversary proceeding, having convened a trial of this adversary proceeding on July 9, 2013 and, after discussions with Plaintiff and Defendant's counsel, continuing the trial to August 5, 2013,[1] and being otherwise duly advised, now **GRANTS** the Motion.

Plaintiff moves the Court to enter summary judgment in his favor and against Defendant pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.  To obtain a summary judgment, Plaintiff must show that there is no genuine dispute as to any material fact and that Plaintiff is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The burden rests on Plaintiff, as the moving party, to demonstrate that there is an absence of evidence to support the case of Defendant, the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).  After Plaintiff demonstrates the absence of a

---

[1] The trial was subsequently continued to November 6, 2013 (Docket No. 79).

genuine issue for trial, the responsibility shifts to Defendant to "go beyond the pleadings" to cite evidence of any genuine issue of material fact that would preclude summary judgment. Id. at 324, 106 S.Ct. at 2553. If Defendant does not come forward with evidence that would reasonably permit the Court to find in her favor on a material issue of fact, then the Court must enter summary judgment against Defendant. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986)).

The Court bifurcated the allegations in the Complaint To Determine Dischargeability Of Debt And Objection To Discharge filed by Plaintiff on January 27, 2012 (Docket No. 1) (the "Complaint") and ordered that the allegations relating to 11 U.S.C. §523 be tried before the allegations relating to 11 U.S.C. § 727. See Order entered August 30, 2012 (Docket No. 38) (the "Bifurcation Order"). Consistent with the Bifurcation Order, the Motion addresses only the following three allegations: (a) that certain unpaid items arising from a divorce settlement are excepted from discharge pursuant to § 523(a)(15), (b) that certain unpaid preschool/child care costs are excepted from discharge pursuant to § 523(a)(5), and (c) that certain unpaid attorney fees and litigation expenses related to custody and parenting time involving the welfare of a child are excepted from discharge pursuant to § 523(a)(5).[2]

During discussions with Plaintiff and counsel for Defendant on July 9, 2013, the Court advised the parties that each of the above allegations will be considered under both § 523(a)(5) and § 523(a)(15). The Court further advised that because it cannot find in the record any reference to whether the parties have or have not consented to the entry of final orders or

---

[2] By order dated March 11, 2013 (Docket No. 47), the Court permitted the intervention of Coots, Henke & Wheeler, P.C. ("CHW") with respect to the allegations referenced in (c) above. CHW did not file a motion for summary judgment or otherwise join in the Motion.

judgment by the Court,[3] it will determine whether the debts in question are discharged or excepted from discharge but will not enter a money judgment with respect thereto. See Stern v. Marshall, -- U.S. --, 131 S.Ct. 2594 (2011).

Findings of Fact

The Court finds as follows:

1. Plaintiff was previously married to Defendant. Plaintiff and Defendant have one child (the "Child").

2. The Findings Of Fact & Conclusions Thereon & Final Orders signed on December 30, 2010 and issued on January 4, 2011 by the Hamilton Superior Court (the "State Court") in Cause No. 29D02-0908-DR-001040 ("State Court Order #1") set forth Defendant's obligation to pay the following amounts to Plaintiff:

| State Court Order #1 Paragraph | Amount | Description |
| --- | --- | --- |
| 32 | $ 673.99 | Helzberg Diamonds |
| 44 | $ 426.85 | AT&T telephone bill |
| 44 | $ 66.40 | Vectren gas bill |
| 44 | $ 48.00 | Ray's Trash bill |
| 44 | $ 37.00 | Haverstick Home Owners Association fees |
| 48 | $ 615.45 | St. Vincent Carmel Hospital bill |
|  | $ 1,867.69 |  |

3. An Order signed on October 3, 2011 and issued on October 5, 2011 by the State Court in Cause No. 29D01-0908-DR-002586[4] ("State Court Order #2") was entered after (a) a hearing by the State Court on July 19, 2011 and September 7, 2011 at which witnesses were sworn and evidence was presented with regard to the following petitions: (i) Verified Expedited Motion To Limit Mother's Participation At Preschool filed by Plaintiff on February 16, 2011;

---

[3] See S.D. Ind. L.R. B-7008-1 and B-7012-1.

[4] Apparently, a change of venue from one Hamilton Superior Court judge to another is the reason for the change in cause number.

(ii) Verified Motion For Rule To Show Cause filed by Plaintiff on March 25, 2011;

(iii) Response To Petitioner's Verified Motion For Rule To Show Cause, Objection To Petitioner's Motion For Contempt And Respondent's Motion For Contempt, And Respondent's Verified Motion For Rule To Show Cause filed by Defendant on June 17, 2011; (iv) Verified Petition For Modification Of Decree To Change Custody, Or In The Alternative, Modification Of Parenting Time filed by Defendant on June 17, 2011; and (v) various requests for attorney's fees made by Defendant and Plaintiff within such motions and responses; and (b) the State Court reviewed the custody evaluation and testimony of Dr. Lawlor from prior proceedings.

4. State Court Order #2 set forth Defendant's obligation to pay the following amounts to Plaintiff or, as noted, to CHW:

| State Court Order #2 Paragraph[5] | Amount | Description |
|---|---|---|
| 17 | $ 1,484.73 | Preschool/work-related child care costs (Goddard) |
| 17 | $ 1,880.34 | Preschool/work-related child care costs (Primrose) |
| 18 | $ 673.99 | Helzberg Diamonds |
| 18 | $ 403.00 | Carpet damage in Dovetree residence |
| 18 | $ 429.00 | Home Owner's association bill |
| 18 | $ 615.45 | St. Vincent's medical bill |
| 18 | $ 66.40 | Vectren gas bill |
| 18 | $ 48.00 | Ray's Trash bill |
| 21 | $13,000.00 | Attorney fees/litigation expenses payable to CHW |
|  | $18,600.91 |  |

5. State Court Order #1 and State Court Order #2 were appealed to the Indiana Court of Appeals, which appeal was dismissed in part and denied in part. See Memorandum Decision issued December 20, 2012 in Appeal No. 29A02-1110-DR-978. A petition for rehearing by the Indiana Court of Appeals was denied on February 12, 2013. A petition for transfer to the Indiana

---

[5] The obligations listed in paragraph 17 of State Court Order #2 are collectively referred to as the "Child Care Costs." The obligations listed in paragraph 18 of State Court Order #2 are collectively referred to as the "Miscellaneous Expenses." The obligations listed in paragraph 21 of State Court Order #2 are collectively referred to as the "Attorney Fees."

Supreme Court was denied on May 7, 2013.[6]

6.      On Schedule F – Creditors Holding Unsecured Nonpriority Claims ("Schedule F") filed by Defendant on October 12, 2011 in bankruptcy case no. 11-12876-JMC-7A (the "Bankruptcy Case") (Bankruptcy Case Docket No. 1), Defendant scheduled a "Litigation and related expenses" debt to Plaintiff incurred on 10/4/2011 in the amount of $18,600.51.  The debt was not scheduled as contingent, unliquidated or disputed.

7.      On an amended Schedule F filed by Defendant on December 1, 2011 in the Bankruptcy Case (Bankruptcy Case Docket No. 15), Defendant scheduled the debt to Plaintiff in the exact same manner.

8.      On a second amended Schedule F filed by Defendant on January 18, 2013 in the Bankruptcy Case (Bankruptcy Case Docket No. 39), Defendant scheduled (a) the debt to Plaintiff in the exact same manner; and (b) an "Attorney Fees" debt to CHW in the amount of $13,000, which was not scheduled as contingent, unliquidated or disputed.

9.      There is no evidence in the record that a judgment was ever entered by the State Court (though judgment was ripe for entering pursuant to the terms of paragraph 21 of State Court Order #2) in favor of either Plaintiff or CHW (or both) for the Attorney Fees.

10.     On April 9, 2012, Plaintiff filed a proof of claim in the Bankruptcy Case in the amount of $18,600.91 (Bankruptcy Case Claim No. 8).  Plaintiff's claim was allowed as a priority unsecured claim by Thomas A. Krudy, chapter 7 trustee ("Trustee").  See Chapter 7 Trustee's Final Account And Distribution Report Certification That The Estate Has Been Fully Administered And Application To Be Discharged filed by Trustee on September 26, 2012

---

[6]     In the Bifurcation Order, the Court stated it would "take no further action on this case until the parties notify the Court that the appeal in state court relating … to the divorce issues is complete and what the outcome of said appeal is as it relates to the issues in this proceeding."  Action is appropriate at this time because the state-court appeal is complete and has resulted in no change to State Court Order #1 or State Court Order #2.

(Bankruptcy Case Docket No. 38).[7] Plaintiff received a distribution from Defendant's bankruptcy estate in the amount of $1,024.97 by check dated July 18, 2012. CHW did not file a proof of claim in the Bankruptcy Case or receive a distribution from Defendant's bankruptcy estate.

## Conclusions of Law

The Court makes the following conclusions of law:

1. Any finding of fact above will also be a conclusion of law, and any conclusion of law will also be a finding of fact to support the judgment of the Court.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue of this adversary proceeding is proper in this Court and Division pursuant to 28 U.S.C. § 1409.

4. This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference issued by the United States District Court for the Southern District of Indiana on July 11, 1984.

5. Exceptions to discharge under § 523 "are to be construed strictly against a creditor and liberally in favor of the debtor." In re Zarzynski, 771 F.2d 304, 306 (7th Cir. 1985); see also Goldberg Securities, Inc. v. Scarlata (In re Scarlata), 979 F.2d 521, 524 (7th Cir. 1992). A creditor seeking an exception to discharge has the burden of proving all elements of the statute by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 661 (1991).

---

[7] Pursuant to Fed. R. Civ. P. 56(c)(3), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056, the Court may consider other (non-designated) materials in the record.

11 U.S.C. § 523(a)(5)

6.  Section 523(a)(5) excepts from discharge a debt for a domestic support obligation (a "DSO"), which is defined by 11 U.S.C. § 101(14A) as, in relevant part:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
> (A)   owed to or recoverable by –
>   (i)   a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>   (ii)  a governmental unit;
> (B)   in the nature of alimony, maintenance, or support…of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C)   established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>   (i)   a separation agreement, divorce decree, or property settlement agreement;
>   (ii)  an order of a court of record; ….

7.  Whether an obligation is nondischargeable under § 523(a)(5) is a matter of federal law. Kolodziej v. Reines (In re Reines), 142 F.3d 970, 972 (7th Cir. 1998). There is no binding precedent in the Seventh Circuit regarding the analysis of a claim of nondischargeability under § 523(a)(5). Therefore, the Court adopts the totality-of-the-circumstances test. Hayden v. Hayden (In re Hayden), 456 B.R. 378, 382 (Bankr. S.D. Ind. 2011). See also Tatge v. Tatge (In re Tatge), 212 B.R. 604, 608 (8th Cir. BAP 1997). The Court is not bound by the State Court's characterization of the obligation, but the intent of the State Court is dispositive. Hayden, 456 B.R. at 382.

*Child Care Costs*

8.  Plaintiff seeks a determination that the Child Care Costs are excepted from discharge pursuant to § 523(a)(5). Plaintiff's designated evidence related to the nature of this

debt is the description of it in paragraph 17 of State Court Order #2. In the Answer To Complaint To Determine Dischargeability Of Debt And Objection To Discharge filed by Defendant on February 21, 2012 (Docket No. 9) (the "Answer"), Defendant denied that she was obligated to pay the Child Care Costs and noted that she had appealed the matter. See Answer ¶ 3. The appeal was not decided in Defendant's favor. Defendant does not address the nondischargeability of the Child Care Costs, nor does she claim that she has paid same, in the Response. Defendant has failed to show any reason why this Court should not accept the characterization of the debt by the State Court, and she has not demonstrated that the Child Care Costs are not in the nature of support of her Child, a DSO. Therefore, she has failed to present evidence of a genuine factual dispute precluding summary judgment with regard to whether the Child Care Costs are excepted from discharge as a DSO.

9.  The Child Care Costs fall within the ambit of § 523(a)(5): (a) they are a debt owed by Defendant to her former spouse, Plaintiff; (b) they are in the nature of support of Defendant's Child; and (c) they were established by reason of applicable provisions of an order – State Court Order #2 – of a court of record. Accordingly, the Child Care Costs are a DSO and are excepted from discharge pursuant to § 523(a)(5).[8]

*Attorney Fees*

10.  Plaintiff seeks a determination that the Attorney Fees are excepted from discharge pursuant to § 523(a)(5). Plaintiff's designated evidence related to the nature of this debt is the description of it in paragraph 21 of State Court Order #2 and the titles of the motions/petitions that were ruled upon in State Court Order #2 as denoted in paragraph 2 thereof. In the Answer, Defendant says "Item 21 of [State Court Order #2] is not in the nature of child support pursuant

---

[8] With this conclusion, it is unnecessary for the Court to consider whether the Child Care Costs are excepted from discharge pursuant to § 523(a)(15).

to 11 U.S.C. § 523(a)(5). Pursuant to the Bifurcated Final Order Regarding Child Related Matters, the plaintiff [sic] is not required to pay child support." See Answer ¶ 4.[9] In the Response, Defendant argues that Plaintiff lacks standing to dispute the dischargeability of the Attorney Fees – she believes CHW is the creditor with respect to the Attorney Fees. See Response, pp. 3-4. She further argues that the entire amount of the Attorney Fees award is not in the nature of child support. See Response, pp. 4-5.

11.  There are two hurdles to clear for the Attorney Fees to be excepted from discharge pursuant to § 523(a)(5): (1) are the Attorney Fees in the nature of support of the Child as required by § 101(14A)(B); and (2) can a debt payable to a third party meet the requirement of § 101(14A)(A)(i) that a debt is "owed to or recoverable by" the former spouse.

*Are the Attorney Fees in the Nature of Support of the Child?*

12.  Whether a debt is in the nature of child support is a question of federal bankruptcy, not state, law, although reference to the well-established laws of the state is prudent. Long v. Calhoun (In re Calhoun), 715 F.2d 1103, 1107-08 (6th Cir. 1983). The titles of two of the four motions/petitions referenced in paragraph 2 of State Court Order #2 specifically refer to preschool, custody and parenting time. Plaintiff's Brief describes the issues as "concerning the child's preschool, custody, parenting time and co-parenting time, as well as, defending against Defendant's motions to modify custody, parenting time, and support." See Plaintiff's Brief, p. 7. In addition, State Court Order #2 includes in its introductory paragraph that the Court reviewed the custody evaluation and testimony of Dr. Lawlor from prior proceedings, and paragraphs 5, 6, and 7 thereof lead this Court to understand that support of the Child and his welfare were at issue before the State Court. However, Defendant disputes that the entire amount of the Attorney Fees

---

[9] The Bifurcated Final Order Regarding Child-Related Matters was signed on August 30, 2010 and issued on September 3, 2010 by the Hamilton Superior Court in Cause No. 29DD02-0908-DR-001040. Order paragraph 4 thereof provides that "Mother [Defendant] shall pay child support in the amount of $00.00 per week …."

are in the nature of support of the Child because there are reasons unrelated to child custody and support issues for which the State Court found her in contempt and awarded the Attorney Fees. See Response, pp. 4-5; Defendant's Designation, Ex. D, ¶¶ 6, 15.

13.   "Most courts … have found attorney fees awarded in connection with child support, visitation, and custody proceedings to be in the nature of support." Hayden v. Farrell (In re Farrell), 133 B.R. 145, 147 (Bankr. S.D. Ind. 1991). "It is generally accepted that fees incurred on behalf of a child are nondischargeable because they are deemed to be support when those fees are inextricably intertwined with proceedings affecting the welfare of a child." Miroff, Cross & Woolsey v. Stella (In re Stella), 2008 WL 5101449 *3 (Bankr. S.D. Ind. 2008) (quoting In re Peters, 133 B.R. 291, 295 (S.D.N.Y. 1991)).  As explained in Peters, the "support of a child does not just rest upon daily sustenance…. Indeed, it is in the child's best interests to have custody matters fully and fairly litigated.  Insuring this is done is part of the parents' duty to support the child." 133 B.R. at 296 (citations omitted).  In this instance, the Attorney Fees are intertwined with proceedings affecting the Child – to some level.  While there is a factual dispute as to what portion of the Attorney Fees are so intertwined, the Court concludes at least some portion is attributable to support of the Child and therefore in the nature of support of the Child and a DSO (the "Child Support Attorney Fees").

*Can the Child Support Attorney Fees payable to CHW meet the requirement of § 101(14A)(A)(i)?*

14.   As recently as June 4, 2013, another bankruptcy court in the Seventh Circuit addressed this question: "Indeed, abundant case law exists … that a spouse's attorney's fees, even when owed directly to the attorney, are not dischargeable under either § 523(a)(5) or § 523(a)(15)." Panos & Assoc., LLC v. Mitchell (In re Mitchell), 2013 WL 2422694 *3 (Bankr. N.D. Ill. 2013) (citing Johnson v. Johnson (In re Johnson), 2012 WL 2835462 *2 (Bankr. C.D.

Ill. 2012) ("virtually every lower court within the Seventh Circuit has determined that awards of attorney fees incurred by a former spouse in [marital] dissolution proceedings are nondischargeable, notwithstanding a provision that the fees be paid directly to the attorney")).

15. Therefore, as a matter of law, the Child Support Attorney Fees shall be excepted from discharge pursuant to § 523(a)(5) because: (a) they are a debt owed by Defendant to her former spouse, Plaintiff; (b) they are in the nature of support of Defendant's Child; and (c) they were established by reason of applicable provisions of an order – State Court Order #2 – of a court of record.

### 11 U.S.C. § 523(a)(15)

16. Section 523(a)(15) excepts from discharge a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit."

*Remaining Attorney Fees*

17. There remains a portion of the Attorney Fees that may not be intertwined with the proceedings affecting the Child (the "Remaining Attorney Fees") that the Court will analyze under § 523(a)(15): (a) they are owed by Defendant to her former spouse, Plaintiff; (b) they are not of the kind described in § 523(a)(5) because they do not fit within the definition of a DSO; and (c) they were incurred in connection with her divorce from Plaintiff and included in an order – State Court Order #2 – of a court of record. Accordingly, the Remaining Attorney Fees shall be excepted from discharge pursuant to § 523(a)(15).

*Miscellaneous Expenses*

18.    Plaintiff seeks a determination that the Miscellaneous Expenses are excepted from discharge pursuant to § 523(a)(15).[10]  Plaintiff's designated evidence related to the nature of this debt is the description of it in paragraph 18 of State Court Order #2 and in paragraphs 32, 44 and 48 of State Court Order #1.   In the Answer, Defendant denied that she failed to pay certain items listed in paragraphs 32, 44 and 48 of State Court Order #1 and denied the claim of paragraph 18 of State Court Order #2.  See Answer ¶ 2.  She makes the same argument in her Response – that she paid the Helzberg Diamonds debt and the AT&T debt[11] and provides evidence of such payments.  See Response, pp. 5-6; Defendant's Designation, Ex. A, B, C and I, ¶¶ 3-6.  She further argues that Plaintiff has failed to pay the St. Vincent medical bill, and therefore she should not be required to reimburse him $615.45 because such payment would result in a windfall to Plaintiff.  See Response, p. 6; Defendant's Designation, Ex. I, ¶ 7.  Defendant's denials are related to whether the debts have been paid, not whether the nature of the debts renders them excepted from discharge.  Defendant has failed to present evidence of a genuine factual dispute precluding summary judgment with regard to the nature of the Miscellaneous Expenses.

19.    The Miscellaneous Expenses fall within the § 523(a)(15) exception:  (a) they are owed by Defendant to her former spouse, Plaintiff; (b) they are not of the kind described in § 523(a)(5) because they do not fit within the definition of a DSO; and (c) they were incurred in connection with her divorce from Plaintiff and included in an order – State Court Order #2 – of a

---

[10]    Neither party has argued that the Miscellaneous Expenses are in the nature of support of the child.  Thus, there is no evidence on which to except them from discharge pursuant to § 523(a)(5).

[11]    There is no apparent dispute as to Defendant's payment of the AT&T bill, as it does not appear as an unpaid obligation in paragraph 18 of State Court Order #2.

court of record.  Accordingly, the Miscellaneous Expenses shall be excepted from discharge pursuant to § 523(a)(15).

### Amount of Debt Excepted From Discharge

20. As noted above, there exists a factual dispute about the amount Defendant owes to Plaintiff with respect to the Miscellaneous Expenses.  In addition, Plaintiff received a distribution from Defendant's bankruptcy estate that would reduce the amount he is owed.  Finally, there is ambiguity in the record before the Court as to whether Defendant or CHW (or both) is (are) the judgment creditor(s) with respect to the Attorney Fees.  Even if CHW is the judgment creditor, Plaintiff remains obligated to pay CHW for the Attorney Fees in the event Defendant does not fully satisfy same.  None of these issues affects the Court's decision on whether the debts are excepted from discharge.

### Judgment

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that partial summary judgment be, and hereby is, entered in favor of Plaintiff and against Defendant as follows:

The Child Care Costs are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

The Child Support Attorney Fees are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

The Remaining Attorney Fees are excepted from discharge pursuant to 11 U.S.C. § 523(a)(15).

The Miscellaneous Expenses are excepted from discharge pursuant to 11 U.S.C. § 523(a)(15).

# # #