**SO ORDERED: October 1, 2013.**



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MELEEKA CLARY-GHOSH, | ) | Case No. 11-12876-JMC-7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| MICHAEL GHOSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 12-50022 |
| | ) | |
| MELEEKA CLARY-GHOSH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| COOTS, HENKE, & WHEELER, P.C., | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MELEEKA CLARY-GHOSH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING 11 U.S.C. § 727 ACTION**

THIS MATTER comes before the Court on the Show Cause Order And Order Extending Deadlines entered by the Court on August 21, 2013 (Docket No. 97) (the "Order"). The Court, having reviewed the Order, Plaintiff's Response To Show Cause Order filed by Michael Ghosh ("Plaintiff") on September 13, 2013 (Docket No. 103) (the "Response"), Defendant's Reply To Plaintiff's Response To Order To Show Cause filed by Meleeka Clary-Ghosh on September 20, 2013 (Docket No. 104) (the "Reply"), the Complaint To Determine Dischargeability Of Debt And Objection To Discharge filed by Plaintiff on January 27, 2012 (Docket No. 1) (the "Complaint") and the other matters of record in this adversary proceeding, and being otherwise duly advised, now **DISMISSES** the action asserted by Plaintiff in the Complaint under to 11 U.S.C. § 727.

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." State of Ill. v. City of Chicago, 137 F.3d 474, 478 (7th Cir. 1998). See also Fed. R. Civ. P. 12(h)(3), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b), which provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

On July 29, 2013, the Court entered its Entry On Motion For Partial Summary Judgment (Docket No. 80) (the "Partial Summary Judgment"), wherein the Court granted partial summary judgment pursuant to 11 U.S.C. § 523 in favor of Plaintiff. The Court determined that all obligations owed to Plaintiff by Defendant that are subjects of this adversary proceeding are excepted from discharge. If the § 727 action were to proceed, the only remedy available to Plaintiff is a denial of Defendant's discharge, which would not save from discharge any obligation that Defendant owes to Plaintiff. Plaintiff has already achieved that relief pursuant to the Partial Summary Judgment. Accordingly, the Court does not have subject-matter jurisdiction

to consider the objection to discharge Plaintiff raises pursuant to § 727 because, even if successful, there is no further relief he can be granted. See Day v. Klingler (In re Klingler), 301 B.R. 519, 524-25 (Bankr. N.D. Ill. 2003); Mapley v. Mapley (In re Mapley), 437 B.R. 225, 229 (Bankr. E.D. Mich. 2010).

  IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

  1. The action Plaintiff asserts in the Complaint pursuant to § 727 is hereby **DISMISSED**.

  2. Plaintiff's request that the Court set aside the Partial Summary Judgment pursuant to Fed. R. Civ. P. 60(b)(1), (b)(6) or (d)(3), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024, is hereby **DENIED**.

  3. By virtue of the dismissal of the § 727 action, there is nothing further for the Court to resolve in this adversary proceeding. Any matter currently pending before the Court in this adversary proceeding is therefore rendered **MOOT**, including any subpoenas issued in this adversary proceeding which are hereby quashed.

  IT IS SO ORDERED.

# # #